### W. A. Dunlap v. T. E. Thrasher.

Decided January 2, 1908.

**1.—Landlord and Tenant—Distress Proceedings—Damages.**

When a distress warrant is rightfully and legally sued out the tenant has no cause of action for damages for the deprivation of the use of the property seized by virtue of the writ; and when any part of the debt sued on was for rent or advances and was due, then the distress warrant was not wrongfully sued out.

**2.—Same—Mortgage Lien—Judgment.**

The defendant in a distress proceeding cannot complain that the judgment against him foreclosed a mortgage lien as well as the landlord's lien on the property seized, when he admitted in his answer the existence of a contract lien to secure his indebtedness to the landlord

Error from the County Court of Travis County. Tried below before Hon. Jno. W. Hornsby.

*O. Dickens,* for plaintiff in error.

*Allen & Hart,* for defendant in error.

Key, Associate Judge.—This proceeding originated in a justice of the peace court, where T. E. Thrasher sued out a distress warrant against his tenant, W. A. Dunlap. The warrant was made returnable to the County Court where the case was tried before a jury. The distress warrant was levied upon a wagon and two mules and the corn and cotton situated on the rented premises. Dunlap filed a plea in reconvention claiming damages for the alleged wrongful suing out of the distress warrant and seizure of his wagon and team thereunder.

The trial resulted in favor of Thrasher, and Dunlap has brought the case to this court by writ of error.

The first assignment of error is addressed to the action of the trial court in sustaining an objection and not allowing the defendant to testify as to the value of the services of the mules seized under

the distress warrant.  That complaint is answered by the record.  If the distress warrant was not wrongfully sued out the defendant was not entitled to recover any damages on account of the seizure of the mules; and if any part of the debt sued on was for rent or advances and was due then the distress warrant was not wrongfully sued out.  The defendant admitted in his special answer that $75 of the plaintiff's claim was for advances and was due when the distress warrant was sued out; and the uncontroverted testimony showed such to be the case.  Such being the condition of the pleadings and evidence as to the foundation of the defendant's cross-action, it is manifest that he was not entitled to recover anything thereon, no matter how much the services of the wagon and mules may have been worth.

The questions presented by all the other assignments, except the sixth, are closely related to the one just disposed of, and, for the reason stated, are decided against the plaintiff in error.  The sixth assignment complains because the judgment foreclosed a mortgage lien upon the wagon and mules, no mortgage having been introduced in evidence.  In his special answer the defendant below, plaintiff in error here, admitted the existence of such contract lien, and the undisputed proof showed the existence of a landlord's lien which was also foreclosed by the judgment.  Hence, we hold that the sixth assignment does not disclose reversible error.  Judgment affirmed.

*Affirmed.*